UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Darcie A. Hobson,  Case No. 3:18-cv-289

          Plaintiff

    v.  MEMORANDUM OPINION
                                              AND ORDER

Commissioner of Social Security,

          Defendant

       Before me is the Report and Recommendation ("R & R") of Magistrate Judge George J. Limbert. (Doc. No. 16). Judge Limbert recommends I affirm the final decision of Defendant Commissioner of Social Security denying Plaintiff Darcie A. Hobson's applications for Disability Insurance Benefits and Supplemental Security Income. (*Id.*). Hobson filed objections to the R & R, (Doc. No. 17), and the Commissioner filed a response, (Doc. No. 18).

       A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

       The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d

727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

In this case, Hobson objects to Judge Limbert's recommended affirmation of the ALJ's decision on grounds that she believes the ALJ did not properly account for her severe impairment of panic attack with agoraphobia when determining her residual functional capacity ("RFC"). (Doc. No. 17). Hobson does not objection to Judge Limbert's finding that the ALJ's decision was supported by substantial evidence. Nor does she allege any error with the legal standards applied by the ALJ. Instead, Hobson objects only to the alleged similarity between the RFC assigned in the current ALJ decision with that of a previous decision, which failed to account for Hobson's severe impairment of panic attacks with agoraphobia.

Contrary to Hobson's objection, I find the ALJ did properly account for Hobson's severe impairment of panic attack with agoraphobia, which hinders her ability to be in "social situations" or "public places" and her ability to interact with others. (Doc. No. 12 at 9-10). Previously, the ALJ failed to account for this severe impairment, stating Hobson could "*occasionally* interact with the public; and can *frequently* interact with co-workers and supervisors." (Doc. No. 11 at 896) (emphasis added). But the new RFC acknowledges Hobson's social restrictions, advising that Hobson can "interact *occasionally* with supervisors and coworkers and *never* with the general public." (*Id.* at 765) (emphasis added). The restriction of "frequent" to "occasional" interaction with supervisors and coworkers and "occasional" to no interaction with the public sufficiently demonstrates that the ALJ accounted for Hobson's severe impairment when assessing the new RFC.

Because the new RFC sufficiently accounts for this severe impairment regardless of any similarity to the previous RFC, Hobson's objection must be overruled. Accordingly, I adopt Judge Limbert's R & R, in full, and affirm the Commissioner's decision.

So Ordered.

                                                    s/ Jeffrey J. Helmick
                                                   United States District Judge